IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

JIMMIE McCOY III,

Plaintiff,

v.                                                    Case No. 23-CV-057-JFH-JAR

BARTON TAYLOR, et al.,

Defendants.

## OPINION AND ORDER

Plaintiff Jimmie McCoy III ("McCoy"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. McCoy alleges Defendants used excessive force against him, refused to feed him and failed to protect him. *Id.* at 2-3. Defendants Taylor and Martinez moved for summary judgment arguing all three (3) claims are unexhausted. Dkt. No. 19. For the reasons discussed below, the Court grants the Motion for Summary Judgment ("Motion").

## BACKGROUND

The following facts are supported by the evidence in the record and are construed in a light most favorable to McCoy:

McCoy brings this action premised upon the "over use of force after [he] was already restrain[ed], fals[e] report[,] inmate abuse[,] violation of 8th Amendment." Dkt. No. 1 at 2. McCoy raises the following claims:

1) 8th Amendment abuse and over use of force
2) Refusal to feed McCoy; and
3) Failure to protect McCoy by assigning him a known, dangerous cell mate.

*Id.* at 2-3. McCoy alleges he exhausted his administrative remedies by writing to the Warden, Assistant Warden, Acting Warden Unit, Case Manager and Attorney General. *See id.* at 4. McCoy

requests compensation for pain and suffering from his injuries and any costs the Court deems necessary. *Id.* at 5.

As noted, Defendants responded to McCoy's Complaint arguing McCoy failed to exhaust his administrative remedies prior to initiating this suit. *See* Dkt. No. 19. Defendants explain McCoy did initiate multiple grievances, the first step in the administrative remedy process, but failed to properly complete the initial step for each grievance and did not complete the entire process, as required. Dkt. No. 19 at 3-4; Dkt. No. 19-4; Dkt. No. 19-5. McCoy did not respond to Defendants' Motion or otherwise dispute Defendants' affirmative defense.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A material fact is one that "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must "'view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party.'" *Cronick v. Pryor*, 99 F.4th 1262, 1267 (10th Cir. 2024) (quoting *Simpson v. Little*, 16 F.4th 1353, 1360 (10th Cir. 2021)).

When a defendant asserts an affirmative defense in a motion for summary judgment, the defendant "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011)). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Hutchinson v. Pfeil*,

105 F.3d 562, 564 (10th Cir. 1997).  If the plaintiff fails to make this showing, "the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

Even when a dispositive motion is unopposed, the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c).  *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a motion for summary judgment is not, by itself, a sufficient basis on which to enter judgment against the party.").  Instead, even when a party has failed to respond, the district court must make the "additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Id*. at 1195.  "Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id*.  In analyzing whether a material issue of fact exists, it must be remembered that, by failing to file a timely response, a plaintiff "waives the right to respond or controvert the facts asserted in the summary judgment motion," and the "court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.*

## DISCUSSION

Defendants seek summary judgment as to their affirmative defense that McCoy did not, prior to commencing this lawsuit, exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  Dkt. No. 19.

The PLRA states in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's deadlines and other critical procedural

rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  The inmate must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court.  *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

"Once a defendant proves that a plaintiff failed to exhaust [his administrative remedies], ... the onus falls on the plaintiff to show that remedies were unavailable to him." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).  "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)); *see also Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (stating that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust").

At the time of initiating his suit, McCoy was a prisoner at Davis Correctional Facility, a private prison contracted with the Oklahoma Department of Corrections ("ODOC") for the housing of ODOC inmates.  *See* Dkt. No. 1 at 1; *see also* Dkt. No. 19 at 3.  Accordingly, the PLRA applies to McCoy's claims.  42 U.S.C. § 1997e(a).

ODOC's grievance policy outlines a multi-step process.  *See* Dkt. No. 19-3.  Defendants contend McCoy did not exhaust his administrative remedies because he never successfully completed the first step in the process by submitting a proper, timely Request to Staff ("RTS").  *See* Dkt. Nos. 19-3, 19-4 and 19-5.  Accepting McCoy's verified complaint as an affidavit for

purposes of summary judgment[1] and construing the facts in McCoy's favor, the Complaint establishes he may have availed himself to a portion of the available administrative remedies. *See* Dkt. No. 1 at 4 (noting he is "still awaiting" relief from administrative officials and that he wrote various officials). However, Defendants' evidence establishes McCoy did not properly complete *all* steps of ODOC's procedure. *See Woodford*, 548 U.S. at 90; *see also* Dkt. Nos. 19-3, 19-4 and 19-5. Therefore, McCoy's vague allegations are insufficient to overcome Defendants' properly supported evidence.[2]

Further, by failing to respond, McCoy has not demonstrated "that remedies were unavailable to him[.]" *Hamdo v. Rivera*, Case No. 23-CV-577-JD, 2024 WL 3300001, at *3 (W.D. Okla. Apr. 5, 2024) (unpublished),[3] *report and recommendation adopted as modified* 2024 WL 2955723 (W.D. Okla. June 12, 2024); *see also Tuckel*, 660 F.3d at 1254 ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him[.]"). Accordingly, Defendants' affirmative defense is established as a matter of law as to McCoy's claims. *See Hines v. Sherron*, 372 F. App'x 853 (10th Cir. 2010) (Finding § 1983 appellant "failed to present evidence that raised a genuine issue of material fact regarding his exhaustion of administrative remedies" and affirming district court's grant of summary judgment).

---

[1] A district court may treat a verified complaint "as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56[(c)(4)]." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988).

[2] Once a movant makes a properly supported motion for summary judgment, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1985). The nonmovant must go beyond the pleadings and, by affidavits or the depositions, answers to the interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (interpreting Rule 56(e)).

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Because no reasonable juror could find in McCoy's favor on the issue of PLRA exhaustion, the Court concludes that Defendants are entitled to judgment as a matter of law on that issue. And the Court grants Defendants' Motion for Summary Judgment and dismisses McCoy's action without prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Taylor and Martinez's Motion for Summary Judgment [Dkt. 19] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Jimmie McCoy III's Petition [Dkt. No. 1] is DISMISSED without prejudice for failure to exhaust available administrative remedies.

IT IS FURTHER ORDERED that this is a final order terminating this action.

IT IS FURTHER ORDERED that a separate judgment shall be entered herewith.

Dated this 23rd day of December, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE